Timothy E. ROBINSON

v.

The UNITED STATES.

No. 492–81C.

United States Claims Court.

March 3, 1983.

Steven M. Angel, San Antonio, Tex., for plaintiff.

Mark D. Friedman, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

OPINION

WHITE, Senior Judge.

The plaintiff, a former civilian employee of the Air Force assigned to Tinker Air Force Base, Oklahoma, was involuntarily removed from his position on November 24, 1978. He sues in the present action for back pay, for reinstatement in his former position, and for other relief.

The defendant has filed a motion for summary judgment, the plaintiff has responded, and the defendant has replied.

The court concludes that the motion for summary judgment should be denied.

*Nature of Proceeding Before Court*

The plaintiff was removed from his position on a charge of alleged falsification of an official record. The specification against the plaintiff in the administrative proceedings was that he initialed his AFLC Form 730, Time and Attendance Card, for the June 10, 1978, pay period as indicating that he served on jury duty for 4 days, June 5–8, whereas he had actually served on jury duty for only 3 days, June 5–7, and had neither served on jury duty nor reported for work at Tinker Air Force Base on June 8.

After the complaint (formerly denominated a petition) and the answer were filed, neither the plaintiff nor the defendant took any depositions or submitted to the other any interrogatories or any request for admissions. Indeed, neither party conducted any other type of discovery under the rules of this court's predecessor, the U.S. Court of Claims, or under the rules of this court. Instead, the defendant filed a motion for summary judgment, and contemporaneously filed the administrative record that had been compiled in connection with the plaintiff's removal from his position.

The defendant apparently is proceeding on the theory that the court's task in this action is to conduct a review, appellate in nature, of the administrative record and, on the basis of such review, to determine the

propriety of the plaintiff's removal from his position. In this connection, the defendant states in its brief that the question before the court is whether the administrative decision to remove the plaintiff from his position was supported by substantial evidence.

The defendant's approach to the present case is incorrect. The plaintiff's alleged cause of action arose on November 24, 1978. That was before chapter 77 of title 5, United States Code, as amended by section 205 of the Civil Service Reform Act of 1978 (Pub.L. 95–454, 92 Stat. 1111, 1138–44), became effective. Chapter 77, as amended, now provides for appeals by federal employees and applicants to the Merit Systems Protection Board from adverse agency actions, and for judicial review, appellate in nature, of decisions by the Merit Systems Protection Board.

As the plaintiff's alleged cause of action arose before the new system of employee appeals to the Merit Systems Protection Board and related judicial review became effective, the present action was necessarily brought under the so-called Tucker Act (28 U.S.C. § 1491) for monetary damages and other relief.[1]

In this action, when the court passes upon the defendant's motion for summary judgment, the question before the court is not whether the administrative decision removing the plaintiff from his position was supported by substantial evidence, as asserted by the defendant. Instead, the rules of the court prescribe a specific test that must be applied to the defendant's motion for summary judgment: *i.e.,* do "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party [defendant] is entitled to a judgment as a matter of law"? Rule 56(c). If this question is answered in the affirmative, the defendant's motion for summary judgment should be granted. On the other hand, if this question is answered in the negative, the defendant's motion for summary judgment should be denied.

### Pleadings

The pleadings certainly do not establish that the defendant is entitled to a judgment as a matter of law.

The complaint alleges that the plaintiff's removal from his position was arbitrary and capricious, that it was contrary to applicable law and regulation, and that it denied the plaintiff due process of law.

The answer denied the plaintiff's allegations referred to in the preceding paragraph.

Therefore, on the basis of the pleadings, the case obviously involves material issues of fact (or mixed issues of fact and law) as to whether the plaintiff's removal from his position was or was not arbitrary and capricious, whether the removal was or was not contrary to applicable law and regulation, and whether the plaintiff was or was not denied due process of law.

### Depositions, Answers to Interrogatories, Affidavits

Neither the defendant in support of its motion for summary judgment, nor the plaintiff in opposition to the motion, has submitted or called the court's attention to any depositions, answers to interrogatories, or affidavits.

### Admissions on File

As stated earlier in the opinion, neither the defendant nor the plaintiff ever submitted to the other any request for admissions.

The administrative record that is before the court does contain certain admissions that were made by the plaintiff during the course of the administrative proceedings. In fact, the plaintiff admitted that—as alleged against him in the administrative proceedings—he initialed his Time and Attendance Card on June 9, 1978, as showing that

---

1. After the action was instituted, 28 U.S.C. § 1491 was amended—but not in a way to affect this litigation substantially—by section 133(a) of the Federal Courts Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25, 39–40).

he served on jury duty for 4 days, June 5–8, but that he served on jury duty for only 3 days, June 5–7, and did not serve on jury duty or report for work at Tinker Air Force Base on June 8. However, the plaintiff's admissions were coupled with explanations, and his explanations are summarized in the next two paragraphs.

According to the plaintiff's explanations at the administrative hearing, he was a member of a jury on June 7 that did not conclude its deliberation until about 6:00 p.m. When he went home that evening, he was under the impression that he was supposed to return for jury duty the next morning, June 8. He returned to the courthouse on the morning of June 8 at about 8:00 o'clock, and found a few people sitting in the jury room, so he entered and joined the others. At about 10:00 o'clock that morning, as he had not received any jury assignment, he went to the office of the clerk of the court and made inquiry, and he was informed that the jurors had been dismissed the previous afternoon at 4:00 o'clock. After he assembled his things and walked approximately a mile to his automobile, the time was about 10:45 a.m., so. he went on home. He thought, on the basis of past experience, that it was customary for employees at Tinker Air Force Base, after serving on jury duty for a few days and finishing before the end of the last day, to go on home instead of reporting for work at the base.

The plaintiff further explained at the administrative hearing that when he reported for work at Tinker Air Force Base on the morning of June 9, his acting first-level supervisor, Aubrey S. Bryce, called him into the office to sign his Time and Attendance Card. The General Welding Foreman, Eugene D. Lindsey, his second-level supervisor, was also in the office. The Time and Attendance Card had already been prepared to show 4 days of jury duty, June 5–8. He (plaintiff) stated to Mr. Lindsey that he went to the courthouse on June 8 but they didn't have jury duty that day, and he didn't know whether he would get paid for it. Mr. Lindsey remarked, "Well, we'll just wait and see."

It will be noted that the plaintiff's "admissions on file," coupled with his explanations, fail to establish the grave offense of falsification of an official record, warranting the harsh penalty of removing the plaintiff from his position as a government employee.

## Summary

When consideration is given to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," it is plain that the papers before the court fail to "show that there is no genuine issue as to any material fact and that the moving party [defendant] is entitled to a judgment as a matter of law."

On the contrary, the existence in the case of genuine issues as to material facts is made plain by the administrative record. For example, there is a direct conflict in the administrative record between the testimony of the plaintiff and the testimony of Eugene D. Lindsey with respect to the explanation that the plaintiff allegedly gave to Mr. Lindsey when the plaintiff returned to Tinker Air Force Base for work on the morning of June 9, 1978. Government counsel at the administrative hearing asked Mr. Lindsey the following question:

* * * Did Mr. Robinson on that date [June 9, 1978] ever tell you that he did not attend jury duty on the 8th of June?

Mr. Lindsey replied:

He did not.

This and other factual conflicts at the administrative hearing make this case unsuitable for disposition on the basis of the defendant's motion for summary judgment. Such conflicts should be resolved and the true facts determined at a trial on the basis of the preponderance of the evidence.

## Conclusion

For the reasons stated in the opinion, it is concluded that the defendant's motion for summary judgment should be denied.

It is so ordered.